IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff / Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| DELROY BUCKLEY, | ) |
| | ) |
| Defendant / Petitioner. | ) |
| | ) |
| _____ | ) |

Case No. 09-20133-17-JWL
Case No. 13-2653-JWL

## MEMORANDUM AND ORDER

The matter is presently before the Court on defendant Delroy Buckley's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court concludes that defendant's petition is untimely, and it therefore **dismisses** the petition.

### I.    Background

After a jury trial, defendant was convicted of possession with intent to distribute marijuana and aiding and abetting money laundering, and the Court sentenced him to a term of imprisonment of 60 months.  The Tenth Circuit affirmed his conviction, *see United States v. Buckley*, 508 F. App'x 698 (10th Cir. 2012), and the mandate was entered on September 5, 2012.  Plaintiff subsequently filed the instant petition, by which he alleges ineffective assistance of counsel.  The petition indicates that it was signed and

served by mail on December 20, 2013, and the petition was filed with the Court on December 27, 2013.

## II.   <u>Analysis</u>

In addition to arguing the merits of the petition, the Government contends that defendant's petition is untimely.  With certain exceptions noted in the statute, the applicable one-year limitations period for a Section 2255 petition begins to run from the date a judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  Where, as here, the petitioner does not file a petition for certiorari with the United States Supreme Court, the judgment of conviction becomes final and the one-year limitations period begins to run 90 days after the appellate court's decision.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).  Accordingly, defendant's petition was due on December 4, 2013.  Because defendant did not mail his petition until December 20, 2013, the petition is untimely on its face.  *See United States v. Gray*, 182 F.3d 762, 764-65, 765 n.4 (10th Cir. 1999) (under prison mailbox rule, Section 2255 petition is timely if given to prison officials for mailing prior to the filing deadline).

Defendant argues that the limitations period should be equitably tolled in this case.  Defendant states that the following circumstances support tolling here:  defendant worked diligently to prepare his petition, including by making phone calls and writing letters to his attorney for documents, which he did not receive until after complaining to the State Bar on March 28, 2013; because he is not well-versed in the law, he had to seek

2

the assistance of someone to help him litigate his case; there are only eight computers and one inmate law clerk for over 2,500 inmates; the law library is open only approximately three hours per day, six days per week, with two print sessions per day; the facility has been on lockdown since May 20, 2012, with restricted movement of inmates, which made it difficult to coordinate with the inmate assisting him on the petition; the law library was closed for administrative purposes for a week in January, June, and December 2013; although the petition was completed on November 30, 2013, the facility went on lockdown and he and the assisting inmate were ordered back to their units before the petition could be printed; and the petition was printed and signed at the first opportunity.

Equitable tolling of the limitations period for a petition for post-conviction relief "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs. It is to be applied sparingly.

*See id.* at 929 (internal quotations and citations omitted).

The Court concludes that defendant has not shown by specific facts that extraordinary circumstances prevented his filing by the deadline. First, defendant's reliance on another inmate to help prepare his petition does not excuse his untimeliness; such reliance does not present an extraordinary or uncommon circumstance, and defendant bore the responsibility of meeting the deadline for his petition. *See Marsh*, 223 F.3d at 1220-21 (petitioner's ignorance of the law and the time needed for an inmate law clerk to prepare the petition were not sufficient circumstances to support equitable tolling; "[t]he fact that an inmate law clerk was assisting in drafting the state petition does not relieve [the petitioner] from the personal responsibility of complying with the law").

Moreover, although defendant states that his access to the law library was limited, he does not suggest that he was denied such access altogether. Nor has he explained with any specificity his attempts and requests for access to the library or legal materials or how he was unable to complete the petition despite apparent access to library, by his admission, six days each week for most weeks during the year prior to his filing deadline. Nor has he stated that he made any specific request to print and send his petition once it was finished in view of the looming deadline. Again, such general allegations that access to a law library was limited are not sufficient to make a specific showing that extraordinary circumstances prevented his filing despite acting diligently during the fifteen months after the Tenth Circuit upheld his conviction. *See Marsh*, 223 F.3d at 1221 (fact that prison law library was closed for 15 days during the 13 months

4

prior to the filing deadline did not support equitable tolling where petitioner did not show that the lack of access caused his delay in filing); *see also United States v. Oakes*, 445 F. App'x 88, 93-94 (10th Cir. 2011) ("lack of a library does not rise to the level of an exceptional and extraordinary circumstance" supporting equitable tolling); *United States v. Martinez*, 303 F. App'x 590, 595-96 (10th Cir. 2008) (equitable tolling was not supported where petitioner made no showing that he requested withheld materials or an extension of the filing deadline and offered no specificity regarding the lack of access to legal materials and his steps to pursue his petition diligently); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007) (vague and conclusory allegations that petitioner lacked access to library materials were insufficient to support equitable tolling); *cf. United States v. Gabaldon*, 522 F.3d 1121, 1124-26 (10th Cir. 2008) (prison officials' complete confiscation of petitioner's legal materials and refusal to return documents despite numerous requests during the six weeks prior to the deadline constituted extraordinary circumstances for purposes of equitable tolling).

Accordingly, the Court dismisses defendant's petition as untimely.

### III.    Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).[1]  To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that defendant's petition was untimely, the Court denies a certificate of appealability.

IT IS THEREFORE ORDERED BY THE COURT that defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1619) is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 11th day of July, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).